IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DEWAYNE GLADSTONE ADAMS,<br><br>　　　　　Defendants. | ORDER<br><br>Case No.  1:08CR80DAK |

　　　　This matter is before the court on two oral motions that were made at a pre-trial hearing the court held on June 17, 2009.  At the hearing, the government moved for an order allowing it to introduce evidence relating to the fact that Defendant was on probation from a previous conviction at the time of the alleged offense in this case.  Defendant also moved to exclude the government's introduction of evidence regarding Defendant's 2005 conviction for possession of cocaine.

　　　　Under Rule 404(b) of the Federal Rules of Evidence, "evidence of other crimes . . . is not admissible to prove the character of a person in order to show action in conformity therewith." Red. R. Evid. 404(b).  But such evidence is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *Id.*

　　　　The government has provided Defendant reasonable notice in advance of trial that it intends to introduce Defendant's 2005 conviction.  The offense in this case is conspiracy to

distribute cocaine, not possession of cocaine. The facts as alleged by the government, however, suggest that Defendant enlisted the help of co-conspirators in the possession and distribution of cocaine in an effort to keep himself removed from or "clean" of the narcotics so that he could prevent his probation officer's detection of his involvement with narcotics. These facts demonstrate that the evidence of the Defendant's prior conviction is relevant to Defendant's motive and intent in engaging in a conspiracy to distribute narcotics. It also relates to Defendant's preparation and plan for creating the conspiracy. Because the evidence of Defendant's 2005 conviction falls within the exceptions to Rule 404(b), the court concludes that evidence of the conviction is admissible for those purposes.

The government's request to allow evidence relating to the fact that Defendant was on probation at the time of the instant offense is also granted. The court finds the evidence relevant to Defendant's purpose informing a conspiracy, his role in the conspiracy, and his interactions with co-conspirators. The court, therefore, concludes that the probative value of the evidence outweighs any prejudicial nature of the evidence. Accordingly, the court will allow evidence relating to the fact that Defendant was on probation at the time of the instant offense.

DATED this 18th day of June, 2009.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge